**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SAINT LAWRENCE COMMUNICATIONS LLC, | § § § § § | |
| *Plaintiff*, | § § | CASE NO. 2:15-CV-351-JRG (Consolidated Case) |
| v. | § § | |
| MOTOROLA MOBILITY LLC, | § § | |
| *Defendants*. | § § | |

## ORDER

Before the Court is Plaintiff Saint Lawrence Communications LLC's ("SLC") Opposed Motion for Entry of Post-Trial Briefing Schedule. (Dkt. No. 62.) Also before the Court is Defendant Motorola Mobility LLC's ("Motorola") Opposition to SLC's Motion for Entry of Post-Trial Briefing Schedule and Cross Motion for Entry of Motorola's Proposed Post-Trial Briefing Schedule and for Additional Post-Trial Briefing Pages. (Dkt. No. 63.) After considering the parties' motions, and for the reasons stated below, SLC's Motion (Dkt. No. 62) is **DENIED** and Motorola's Cross Motion (Dkt. No. 63) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

Both parties' motions essentially address the same issue: how the Court will proceed with post-trial briefing in this case. According to the parties' competing proposals, it appears that the parties have agreed on the "general structure" of the post-trial briefing, with briefing on Motorola's motions under Rules 50(b) and 59 to proceed concurrently with SLC's motions for entry of judgment, ongoing royalty, enhancement for past damages, supplemental damages and pre/post-judgment interest, and exceptional case. (*See* Dkt. Nos. 62 at 2; 63 at 1.) The parties, however, disagree on a specific briefing schedule. SLC proposed that the deadline for all opening briefs fall

on April 14, 2017, with the responses in opposition due on April 28, 2017, the replies due on May 5, 2017, and the sur-replies due on May 12, 2017. (Dkt. No. 62 at 2.) Motorola, on the other hand, proposed that the deadline for all opening briefs fall on May 19, 2017, with the responses in opposition due on June 9, 2017, the replies due on June 19, 2017, and the sur-replies due on June 29, 2017. (Dkt. Nos. 62 at 2; 63 at 1.)

Absent a complete agreement between the parties as to the post-trial briefing schedule, the Court is not inclined to depart from the procedures set forth in the Federal Rules of Civil Procedure. Accordingly, the procedures provided in Rules 50(b) and 59 pertaining to motions for judgment as a matter of law and motions for new trial shall control in this case. The Court observes, however, that the deadlines for filing motions pursuant to Rules 50(b) and 59 are predicated on the Court's entry of judgment. Accordingly, the Court takes this opportunity to outline the schedule and procedure for entry of judgment in this case.

In light of the equitable issues present in this case, the Court **ORDERS** that Motorola shall file its opening brief on any outstanding equitable issues within fourteen (14) days of the issuance of this Order. Motorola's brief on equitable issues shall not exceed twenty (20) pages. Further, the Court **ORDERS** that SLC shall have fourteen (14) days thereafter to file its response brief of not more than twenty (20) pages. Motorola's opening brief on equitable issues and SLC's response brief shall constitute the entirety of the briefing permitted on equitable issues. On the same date that SLC's response brief on equitable issues is due, SLC shall also file its (i) motion for entry of judgment, (ii) motion for ongoing royalty (with enhancement), (iii) motion for enhancement for past damages, (iv) motion for supplemental damages and pre/post-judgment interest, and (v) motion for exceptional case. The response briefs, reply briefs, and sur-reply briefs relating to SLC's five post-trial motions shall thereafter proceed in accordance with the local rules of this

Court.

After the Court has the benefit of the briefing on the outstanding equitable issues and SLC's post-trial motions, the Court intends to enter judgment herein pursuant to the record at trial, the jury's verdict, the briefed equitable issues and SLC's post-verdict motions, as outlined above. Once the Court has entered its final judgment, Rules 50(b) and 59 of the Federal Rules of Civil Procedure, in concert with the local rules of this Court, shall dictate the schedule and procedures for filing any and all post-judgment motions.

**So ORDERED and SIGNED this 13th day of April, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE